IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| MICHAEL RAY COLLIER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 3:20-cv-00142 |
| ) | Judge Aleta A. Trauger |
| KILOLO KIJAKAZI, Commissioner of ) | |
| Social Security, ) | |
| ) | |
| Defendant. ) | |

## **MEMORANDUM and ORDER**

Plaintiff Michael Ray Collier brings this action under 42 U.S.C. §§ 405(g) and 1383(c)(3), seeking judicial review of the Social Security Administration's denial of his application for disability insurance benefits under Title II of the Social Security Act and supplemental security income under Title XVI of the Social Security Act. Currently pending is Collier's Motion for Judgment on the Administrative Record. (Doc. No. 29), filed along with a supporting Memorandum of Law (Doc. No. 29-1). The Commissioner of Social Security filed a Response (Doc. No. 30), and the plaintiff filed a Reply (Doc. No. 31).

The Magistrate Judge to whom this matter was referred has issued a Report and Recommendation ("R&R") (Doc. No. 32), recommending that Collier's motion be denied. Collier filed timely Objections (Doc. No. 33), to which the Commissioner has responded (Doc. No. 34).

When a magistrate judge issues a report and recommendation regarding a dispositive pretrial matter, the district court must review *de novo* any portion of the report and recommendation to which a proper objection is made. Fed. R. Civ. P. 72(b)(1)(C); 28 U.S.C. § 636(b)(1)(C); *United States v. Curtis*, 237 F.3d 598, 603 (6th Cir. 2001); *Massey v. City of*

*Ferndale*, 7 F.3d 506, 510 (6th Cir. 1993). In conducting its review of the objections, the district court "may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3). The court's review of the decision of an administrative law judge ("ALJ") is limited to a determination of whether the ALJ applied the correct legal standards and whether the findings of the ALJ are supported by substantial evidence. *Miller v. Comm'r of Soc. Sec.*, 811 F.3d 825, 833 (6th Cir. 2016) (quoting *Blakley v. Comm'r of Soc. Sec.*, 581 F.3d 399, 405 (6th Cir. 2009)); *see* 42 U.S.C. § 405 (g) (2012) ("The findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive.").

In this case, the Magistrate Judge concludes that the ALJ's decision was supported by substantial evidence in the record. More specifically, the Magistrate Judge finds that the ALJ did not err in discounting the opinions of James Hebda, Ph.D.—whom the plaintiff describes as his "treating physician" (Doc. No. 29-1, at 22)—and that the ALJ provided "good reasons" for declining to give controlling weight to Hebda's opinions that are "sufficiently specific to make clear to any subsequent reviewers the weight the adjudicator gave to the treating source's medical opinion." (Doc. No. 32, at 8 (quoting *Helm v. Comm'r of Soc. Sec.*, 405 F. App'x 997, 1000 (6th Cir. 2011)).)

The plaintiff makes only one objection: that the Magistrate Judge erred in finding that the ALJ gave good reasons for discounting Hebda's opinions. (Doc. No. 33, at 1–2.) The plaintiff argues that the Magistrate Judge manufactured good reasons for discounting Hebda's opinions that are admittedly supported by the record but that the ALJ himself did not articulate. (*See id.* at 1 ("The Magistrate Judge states that this contrast between the restrictive limitations opined by Dr. Hebda and the evidence constitutes 'good reasons' for discounting the opinion. . . . Plaintiff does

not contest that, had the ALJ made the same analysis as the Magistrate Judge, . . . this would constitute a 'good reason' to reject Dr. Hebda's opinion. This rationale, however, was not crafted by the ALJ.").) The plaintiff argues that remand is required, because "[a] court cannot excuse the denial of a mandatory procedural protection simply because . . . there is sufficient evidence in the record for the ALJ to discount the treating source's opinion and, thus, a different outcome on remand is unlikely." (*Id.* at 2 (quoting *Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 541, 544 (6th Cir. 2004)).)

The court has reviewed the record as a whole in light of the plaintiff's objection and concludes that the Magistrate Judge did not err in finding that the ALJ gave good reasons for declining to give controlling weight to Hebda's opinion that the plaintiff's ability to perform work-related activities was severely limited. Specifically, the ALJ found that: (1) "Dr. Hebda only met with the claimant between January and May of 2013, and subsequent treatment records from the Mental Health cooperative are largely unremarkable"; (2) the "claimant's anxiety and depression improved after he stopped taking pain medication, and aside from abnormal mood findings he had consistently unremarkable mental status examinations"; (3) the "claimant testified to having some problems getting along with people at work but stated that he was fired due to excessive work absences because of pain, not because of his mental impairments. Further, as noted above, he told a treatment provider that he actually quit his job because of dust and not because of any mental reasons"; and (4) "Dr. Hebda's evaluation report includes some inconsistencies." (Doc. No. 26, Administrative Record at 988.) "Overall," the ALJ concluded, "given the short length of time that Dr. Hebda met with the claimant when compared to the period of time covered by the Mental Health Cooperative records, the inconsistencies in the evaluation report, and the lack of consistency with the subsequent treatment records," Hebda's opinion was not entitled to

controlling weight. (*Id.*)

The Magistrate Judge considered the ALJ's reasons, closely examined the question of whether they were supported by the underlying record, and concluded that, together, they constituted good reasons for discounting Hebda's opinion and were supported by substantial evidence in the record. (Doc. No. 32, at 9–14.) The Magistrate Judge did not err.

Accordingly, the plaintiff's Objections (Doc. No. 33) are **OVERRULED**; the R&R (Doc. No. 32) is **ACCEPTED** in its entirety, and the plaintiff's Motion for Judgment on the Administrative Record (Doc. No. 29) is **DENIED**.

It is so **ORDERED**.

The Clerk shall enter judgment for the defendant in accordance with Fed. R. Civ. P. 58(b).

_____
ALETA A. TRAUGER
United States District Judge